(No. 84-CC-268█

UNION ELECTRIC Co., Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order on motion to dismiss filed August 22, 1984.*

*Order on motion to reconsider filed January 31, 1985.*

POPE & DRIEMEYER, for Claimant.

NEIL F. HARTIGAN, Attorney General (SUE MUELLER, Assistant Attorney General, of counsel), for Respondent.

ORDER ON MOTION TO DISMISS

RAUCCI, J.

This cause coming on to be heard on the Respondent's motion to dismiss and the Court being duly advised in the premises:

Finds, that the Claimant's complaint was filed on April 6, 1984. Exhibit A to the complaint and the departmental report establish that the electrical service was rendered between June 21, 1977, and July 21, 1977. Claimant's response to the motion to dismiss now asserts that

"the claim is for 'the balance remaining due for *current* charges on the account involved herein after applying the most recent payment received from the State of Illinois first to the previous balance on this account and then applying the remaining balance of such payment to current charges.' " (Emphasis added)

This position is untenable. If this claim were for *current* service, it would not be filed in this Court at this time, but would be paid out of the current appropriation. Additionally why would Claimant attach a 1977 invoice to justify a current claim?

This is a lapsed appropriation claim, which stems from a contract. Section 22(a) of the Court of Claims Act (Ill. Rev. Stat. 1983, ch. 37, par. 439.22(a)) establishes that all claims arising out of contract must be filed with the Court of Claims within five years of the date the cause of action accrues, or should be forever barred. This claim has not been timely filed.

It is hereby ordered that this cause is dismissed with prejudice.

## ORDER ON MOTION TO RECONSIDER

Raucci, J.

This cause coming on to be heard on the Claimant's motion to reconsider, the Court being fully advised in the premises:

The motion to reconsider should be denied for the reasons stated in the Respondent's memorandum in opposition to Claimant's suggestions in support of motion to reconsider.

It is therefore ordered that the motion to reconsider be, and it is hereby, denied.